IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK LANGFORD,

    Petitioner,

    v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:12-CV-96
JUDGE FROST
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On February 7, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus conditionally be granted on Petitioner's second claim for relief, and that the State retry Petitioner within 180 days or release him; the Magistrate Judge recommended that the remainder of Petitioner's claims be dismissed. Petitioner and Respondent have filed objections to the Magistrate Judge's *Report and Recommendation.* Petitioner also has filed a *Response* to Respondent's *Objection*. See Doc. No. 23. For the reasons that follow, Petitioner's *Objection* (Doc. No. 22) is **OVERRULED**. Respondent's *Objection* (Doc. No. 20) is **OVERRULED.**

The petition for a writ of habeas corpus conditionally is **GRANTED** on Petitioner's second claim for relief. The State shall retry Petitioner within 180 days or release him. The remainder of Petitioner's claims are **DISMISSED.**

Petitioner's *Motion for Reconsideration* is **DENIED**.

**Petitioner's Objections:**

Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of claim one, in which he asserts he was denied a fair trial due to pre-indictment delay. Petitioner

1

argues, as he did previously, that he was prejudiced by the government's thirteen year delay in bringing charges against him, because two defense witnesses who would have presented exculpatory testimony died in the intervening years, police destroyed a recovered bullet fragment, witnesses were no longer available and memories faded, and the government strengthened its case against Petitioner through the use of testimony from federal prisoners whom Petitioner spoke with while he was incarcerated on drug charges.  Petitioner argues that the Magistrate Judge improperly recommended to deny his claim on the merits as the government failed to provide a reason for the lengthy delay, and prosecution witness Nichole Smith (who failed to appear in 1995 and was the reason given for dismissal of the charges at that time) lived in Columbus and was readily available, had police attempted to locate her.  Further, Petitioner argues that police completed their investigation in 1995.  Petitioner complains that the government waited until his sentence was about to expire on federal drug charges to bring the indictment against him.  Petitioner argues that the Magistrate Judge incorrectly concluded, under these circumstances, that he failed to establish prejudice and intent on the part of the government to delay prosecution to gain a tactical advantage against him.  *See Petitioner's Objection*.  This Court concludes, however, that the record fails to reflect a due process violation warranting habeas corpus relief, particularly in view of the law of the United States Court of Appeals for the Sixth Circuit, under which this Court is bound.

The Magistrate Judge recommended dismissal of Petitioner's claim under *United States v. Lovasco*, 431 U.S. 783 (1977); *United States v. Marion*, 404 U.S. 307 (1971), concluding that Petitioner had failed to establish any intent on the part of the government to delay bringing charges in order to obtain a tactical advantage against him.  "The Sixth Circuit has consistently read *Lovasco* to hold that dismissal for preindictment delay is warranted only when the defendant

shows both substantial prejudice to his right to a fair trial *and* that the delay was intentionally imposed by the government to gain a tactical advantage." *Randle v. Jackson*, 544 F.Supp.2d 619, 630 (E.D. Mich. March 31, 2008)(citing *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992)(emphasis added)).[1] "[T]he Fifth Amendment requires the dismissal of an indictment. . . if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense." *United States v. Gouveia*, 467 U.S. 180, 192 (1984).  In other words, the prosecution of a defendant following investigative delay does not necessarily deny him due process, even if his defense has been prejudiced.  *Lovasco,* 431 U.S. at 796.  Further, it is the Petitioner's burden to establish intent on the part of the government.  The government's negligence or recklessness in bringing charges does not suffice to establish intent to gain a tactical advantage.  *Hurn v. Perry*, 2012 WL 6642534, at *8 (E.D. Mich. Nov. 20, 2012)(citing *United States v. Stierwalt*, 16 F.3d 282, 285 (8th Cir. 1994); *United States v. Benson*, 846 F.2d 1338, 1343 (11th Cir. 1988); *United States v. Glist*, 594 F.2d 1374, 1378 (10th Cir. 1979); *United States v. Norris*, 501 F.Supp.2d 1092, 1101 (S.D. Ohio 2007) (discussing Sixth Circuit cases)).  "Thus, 'where the record shows no reason for the delay (or where delay is due to simple negligence), no due process violation exists.' " *Id*. (citing *United States v. Foxman*, 87 F.3d 1220, 1223 n. 2 (11th Cir. 1996)).

Here, nothing in the record reflects that the government purposely delayed brining charges against Petitioner in order to obtain a tactical advantage against him.  Petitioner's objections on claim one therefore are **OVERRULED**.

---

[1] "Every circuit, other than the Fourth and the Ninth Circuits, has held that, in order to establish that a lengthy preindictment delay rises to the level of a due process violation, a defendant must show not only actual substantial prejudice, but also that "the government intentionally delayed the indictment to gain an unfair tactical advantage or for other bad faith motives." *Desai v. Booker*, 882 F.Supp.2d 926 (E.D. Mich. 2012)(citations omitted)

Because reasonable jurists could disagree, however, as to whether this Court is correct in its ruling, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), Petitioner's request for a certificate of appealability on claim one is **GRANTED**.

Petitioner additionally objects to the Magistrate Judge's recommendation of dismissal on the merits of claim five, in which he asserts he was denied effective assistance of appellate counsel. He raises all of the same arguments he previously presented. For the reasons already addressed by the Magistrate Judge, this Court likewise concludes that Petitioner has failed to establish he is entitled to habeas corpus relief.

Again, however, because reasonable jurists could disagree as to this Court's ruling, *Slack v. McDaniel,* Petitioner's request for a certificate of appealability on claim five also is **GRANTED.**

**Motion for Reconsideration of Order Denying Counsel:**

Petitioner requests the Court to reconsider its *Order* denying his request for the appointment of counsel (Doc. No. 21). In support of his request for counsel, Petitioner states that he is an indigent incarcerated person who is not familiar with the law and has limited access to helpful resources. Additionally, Petitioner avers that the Court should appoint counsel on his behalf because this action involves "complex issues," *see Motion for Reconsideration,* PageID #2448, and a sentence of fifteen years to life. Petitioner requests that counsel be appointed to file additional objections to the Magistrate Judge's *Report and Recommendation*, a *Reply* to Respondent's *Objections,* and to represent him on appeal to the Sixth Circuit. *Id*. PageID #2467.

Petitioner's incarcerated *pro se* status, lengthy sentence, and limited access to legal resources are typical of prisoners who file habeas corpus petitions in the federal district court.

4

Further, this Court does not find the issues in this case to be so complex that the appointment of counsel is required. The Court notes that Petitioner already has filed both *Objections* and a *Reply* to the Respondent's *Objections*. Moreover, he has obtained relief on one of his claims.

For the reasons addressed in the Magistrate Judge's *Order* denying Petitioner's request for counsel, s*ee* Doc. No. 21, this Court declines to grant Petitioner's request. Petitioner may make his request for the appointment of counsel on appeal in the United States Court of Appeals for the Sixth Circuit.

Petitioner's *Motion for Reconsideration* is **DENIED**.

**Respondent's Objections:**

Respondent objects to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus conditionally be granted on Petitioner's claim that he was denied a fair trial based on jury instructions that failed to include the required *mens rea* on the charge of complicity to commit aggravated murder and murder, as set forth in habeas corpus claim two. Respondent contends that the Magistrate Judge incorrectly concluded that the state trial court failed to inform the jury, that in order to convict Petitioner as a complicitor or aider and abetter it must find that Petitioner acted with the same intent as required for a conviction on murder or aggravated murder, *i.e.,* purposely, or with a specific intent. Alternatively, Respondent argues that the jury instructions, when viewed as a whole, were constitutionally adequate, or that any error was, in any event, harmless.

Referring to language from the jury instructions that were issued, Respondent argues that the jury could have inferred Petitioner's intent by his presence, companionship and conduct

during the crime, and that in view of these jury instructions, there was no error of constitutional magnitude. The portion of the jury instructions Respondent refers to are as follows:

> A common purpose among two or more people to commit a crime need not be shown by direct evidence but may be inferred by the circumstances surrounding the act and from defendant's subsequent conduct. Criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed. In addition, mere presence is enough if it is intended to and does aid the primary offender.

*Trial Transcript*, Vol. &, 2337-8, Doc. No. 12. These instructions follow the trial court's instructions on complicity, which, in their entirety, read in relevant part as follows:

> The defendant may be convicted as a principal offender or as a complicitor or an aider and abettor to any or all counts an

> Before you can find the defendant guilty of a crime as a complicitor or aider and abettor, you must find beyond a reasonable doubt that. . . the defendant aided or abetted another in purposely committing the offenses of Aggravated Murder or Murder or aided and abetted another and knowingly committed the offense of Involuntary Manslaughter. The defendant cannot be found guilty of complicity unless the offense was actually committed, but he may be found guilty of complicity in an attempt to commit the offense.

> An indictment charging a defendant as a principal offender also charges the defendant with aiding and abetting that crime. An aider or abettor is one who aids, assists, supports, encourages, cooperates with, advises, or incites another to commit a crime, and participates in the commission of the offense by some act, word, or gesture.

> "Aid" means to help, assist, or strengthen. "Abet" means to encourage, counsel, incite, or assist.

> A common purpose among two or more people to commit a crime need not be shown by direct evidence but may be inferred from circumstances surrounding the act and from defendant's subsequent conduct. Criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed. In addition, mere presence can be enough if it is intended to and does aid the primary offender.
>
> However, absent evidence that a person assisted, incited, or encouraged the principal offender to commit the offense, a person may not be convicted of aiding and abetting a principal offender in the commission of an offense.

*Trial Transcript,* PageID #2337-8, Doc. No. 12. Respondent additionally argues that, because the court included language stating, "Before you can find the defendant guilty of a crime as a complicitor or aider and abettor, you must find beyond a reasonable doubt that. . . the defendant aided or abetted another in *purposely* committing the offenses of Aggravated Murder or Murder" (emphasis added), the trial court sufficiently advised the jury regarding the required intent for a finding of guilt as a complicitor.

This Court does not agree**.** The record indicates that the jury was never advised that in order to find Petitioner guilty as a complicitor or on aiding and abetting the crimes of murder or aggravated murder, it must conclude, beyond a reasonable doubt, that he acted with the required intent – *i.e*., purpose to kill. Further, in view of the facts of this case, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court cannot conclude that the error was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Respondent's *Objection*, Doc. No. 20, therefore, is **OVERRULED**.

**Conclusion:**

Petitioner's *Objectio*n (Doc. No. 22) is **OVERRULED**.  Respondent's *Objection* (Doc. No. 20) is **OVERRULED.**

The petition for a writ of habeas corpus conditionally is **GRANTED** on Petitioner's second claim for relief.  The State shall retry Petitioner within 180 days or release him.  The remainder of Petitioner's claims are **DISMISSED.**

Petitioner's *Motion for Reconsideration* is **DENIED**.

**IT IS SO ORDERED.**

   /s/ Gregory L . Frost
GREGORY L. FROST
United States District Judge