IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK LANGFORD,

    Petitioner,

  v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

Case No. 2:12-CV-0096
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## ORDER

On June 25, 2013, final judgment was entered conditionally granting the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Petitioner's claim that he was denied a fair trial based on jury instructions that failed to include the required *mens rea* on charges of complicity to commit aggravated murder and murder, as set forth in habeas corpus claim two. The Court dismissed the remainder of Petitioner's claims. This matter now is before the Court on Respondent's motion for a stay of execution of final judgment conditionally granting the petition for a writ of habeas corpus pending appeal. (ECF No. 31.) For the reasons that follow, the Court **GRANTS** Respondent's motion for a stay. (ECF No. 31.)

The Court must balance the following factors in determining whether to grant Respondent's request for a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

1

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). *See also Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992). These four factors militate in favor of staying execution of the conditional grant of the writ of habeas corpus pending appellate review.

Respondent contends that he has made a strong showing of likely success on the merits. Although this Court is not so persuaded, the Court agrees that Respondent has demonstrated a "substantial case on the merits," *Hilton*, 481 U.S. at 778, in view of the deference afforded to decisions of the state courts under the Antiterrorism and Effective Death Penalty Act and the high burden involved in granting a petition for a writ of habeas corpus on the particular claim raised herein.

Further, the Court agrees that Respondent will suffer some injury absent a stay. If the United States Court of Appeals for the Sixth Circuit were to reverse this Court's decision, the State of Ohio would be spared the time, preparation and expense involved in a re-trial. Moreover, the charges involved in this case took place in 1995, and Respondent indicates that witnesses will be difficult to locate or unavailable. Concomitantly, issuance of the stay will not substantially injure Petitioner. Execution of the conditional writ of habeas corpus in this case will not necessarily result in his release, so long as the State re-tries him within 180 days. Therefore, a stay in this case will not necessarily delay Petitioner's release from incarceration.

Finally, the Court concludes that the public interest lies in staying execution of the writ of habeas corpus pending appellate review in view of the serious nature of the charges involved. By granting the request for a stay, this Court will ensure that Respondent will be able to obtain appellate review of this Court's conclusion that Petitioner was denied a fair trial based on improper jury instructions prior to engaging in the substantial preparation and cost of a new trial.

The Court **GRANTS** Respondent's motion for a stay. (ECF No. 31.)

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE